UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MATIAS PATZAN CHAMALE,

                                        Petitioner,

                    -v-

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; CHAD WOLF,
*in his official capacity as Acting Secretary,*
*U.S. Department of Homeland Security*;
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT; and THOMAS
DECKER, *in his official capacity as Field Office*
*Director, New York City Field Office, U.S.*
*Immigration & Customs Enforcement*,

                                        Respondents.

20 Civ. 3517 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Petitioner Jose Matias Patzan Chamale is currently being held by U.S. Immigration and

Customs Enforcement ("ICE") at the Hudson County Jail in Kearny, New Jersey.  Dkt. 1 ¶¶ 1, 3.

On May 7, 2020, petitioner, through counsel, filed a petition for a writ of habeas corpus, seeking

his immediate release from immigration custody pending the conclusion of his removal

proceedings in light of the COVID-19 pandemic.

The public health emergency presented by COVID-19 needs no introduction.  This Court

has repeatedly held, however, that in "core" habeas petitions by immigration detainees—where,

as here, a petitioner challenges his present physical confinement—"the warden of the detention

facility with physical custody of the petitioner is the 'immediate custodian' with the ability to

produce the petitioner pursuant to a writ of habeas corpus," meaning that jurisdiction lies only in

the district of confinement.  *Almazo v. Decker*, No. 18 Civ. 9941 (PAE), 2018 WL 5919523,

at *2 (S.D.N.Y. Nov. 13, 2018) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)); *see also Arriaga Reyes et al. v. Decker et al.*, No. 20 Civ. 2737 (PAE) (S.D.N.Y. Apr. 2, 2020), *Rojas v. Decker et al.*, No. 19 Civ. 10029 (PAE) (S.D.N.Y. Nov. 26, 2019); *Andoh v. Barr*, No. 19 Civ. 8016 (PAE), 2019 WL 4511623 (S.D.N.Y. Sept. 18, 2019); *Li v. Barr*, No. 19 Civ. 5085 (PAE), 2019 WL 2610537 (S.D.N.Y. June 14, 2019); *Blake v. McAleenan*, No. 19 Civ. 3371 (PAE); *Lateef v. Decker*, No. 19 Civ. 2294 (PAE).

This continues to be the position taken by a majority of the judges in the Southern District who have considered this question. *See, e.g.*, *Darboe v. Ahrendt*, No. 19 Civ. 11393 (ER), 2020 WL 1057502, at *1 (S.D.N.Y. Mar. 2, 2020); *Sanchez v. Decker*, No. 19 Civ. 8354 (RA), 2019 WL 6311955 (S.D.N.Y. Nov. 25, 2019); *Binet v. Decker*, No. 19 Civ. 7964 (VEC), 2019 WL 6111275 (S.D.N.Y. Nov. 7, 2019); *Thomas v. Decker*, No. 19 Civ. 8690 (JMF).[1]  It is also the view of other courts that have addressed the question, including the Seventh Circuit.  In *Kholyavskiy v. Achim*, that court held that the immediate custodian of a non-citizen detained in Wisconsin at the direction of the ICE Chicago field office director was the warden of the Wisconsin jail.  443 F.3d 946 (7th Cir. 2006).  Finally, a number of judges in this District have applied this reasoning and transferred COVID-19 immigration habeas petitions to the District of New Jersey, both on motion and *sua sponte*.  *See Seemangal v. Decker et al.*, No. 20 Civ. 3057 (GHW), at Dkt. 4 (Apr. 16, 2020); *Abrego Arevalo et al. v. Decker et al.*, No. 20 Civ. 2982 (VSB), at Dkt. 10 (Apr. 15, 2020); *Barnebougle et al. v. Decker et al.*, No. 20 Civ. 2822 (RA), at Dkt. 10 (Apr. 10, 2020); *Dominguez Carballo v. Decker et al.*, No. 20 Civ. 2888 (PGG), at Dkt. 10 (Apr. 10, 2020); *Pena v. Decker at al.*, No. 20 Civ. 2482 (ALC), at Dkt. 22 (S.D.N.Y.

---

[1] The Court has considered, but does not adopt, the reasoning expressed in two decisions reaching the opposite conclusion.  *See Rodriguez Sanchez v. Decker*, No. 18 Civ. 8798 (AJN), 2019 WL 3840977 (S.D.N.Y. Aug. 15, 2019); *Cruz v. Decker*, No. 18 Civ. 9948 (GBD)(OTW), 2019 WL 4038555 (S.D.N.Y. Aug. 27, 2019) (Report and Recommendation).

Apr. 8, 2020); *Collado v. Dep't of Homeland Sec.*, No. 20 Civ. 2824 (MKV), at Dkt. 2 (S.D.N.Y. Apr. 6, 2020); *Nicholas v. Decker at al.*, No. 20 Civ. 2778 (GHW), at Dkt. 8 (S.D.N.Y. Apr. 3, 2020); *Bonilla v. Decker et al.*, No. 20 Civ. 2483 (VSB), at Dkt. 14 (S.D.N.Y. Mar. 30, 2020).

Petitioner, at the time of the filing of this petition and since his arrest on December 6, 2019, has been confined exclusively in the District of New Jersey.  *See* Dkt. 1 ¶¶ 1, 3.  For the reasons set forth in the Court's decision in *Almazo*, 2018 WL 5919523, at *1–2, the Court holds that it lacks venue over petitioners' core habeas claims.  The Court therefore transfers this case to the District of New Jersey *sua sponte*.  The Court waives the seven-day period articulated in Local Civil Rule 83.1 to effectuate the transfer of the case.  In light of the significant liberty interests at stake, including the serious risks that continued confinement poses to petitioner's health, the Court directs the Clerk of Court to effectuate this transfer as soon as possible.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated:  May 7, 2020
New York, New York

3